```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEVEN A. LUDSIN,

                        Plaintiff,
                                                              REPORT AND
                                                              RECOMMENDATION
            -against-                                         CV 24-1092 (GRB) (ARL)

SUFFOLK COUNTY DEPARTMENT OF HEALTH
SERVICES, et al.,

                        Defendants.
-------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

On June 17, 2024, District Judge Brown referred this matter to the undersigned for a determination as to whether the plaintiff should be afforded additional time within which to effectuate service. Based upon the letter submitted by the pro se plaintiff, Steven Ludsin ("Ludsin"), the undersigned recommends that the motion for an extension of time be denied and the case be dismissed without prejudice. The undersigned further recommends that the defendants' requests for a premotion conference in anticipation of their motions to dismiss, also referred to the undersigned, be denied as moot given the undersigned's recommendation concerning service.

## BACKGROUND

On April 15, 2024, Ludsin filed a complaint with the Court against the Suffolk County Department of Health Services Commission, the Suffolk County Division of Environmental Quality Office of Ecology, the Town Attorney of the Town of East Hampton and the Town of East Hampton Natural Resources Department, alleging that the defendants failed to reimburse

˜1˜

him for the cost of changing his home owners insurance, which he says he was compelled to do in order to receive grants for septic improvements made at his home. On the same day, Ludsin also filed a motion for leave to proceed in forma pauperis, which was denied by District Judge Brown.

On May 21, 2024, District Judge Brown then entered an order indicating that if service was not made upon the defendants by July 15, 2024, or if Ludsin failed to show good cause why such service had not been effected, the complaint would be dismissed without prejudice. On May 28, 2024, the Court then received a letter from Ludsin indicating that he tried to obtain a signature of the clerk of the court on the summons but that there was a discrepancy between the original list of defendants in the complaint and the civil docket sheet. Specifically, Ludsin complained that the second defendant was listed as Suffolk County rather than the Suffolk County Division of Environmental Quality Office of Ecology. In response, District Judge Brown directed the Clerk of the Court to mail a copy of the docket report to Ludsin and to note such mailing on the docket. The docket sheet was then amended to reflect the name Ludsin intended for the "second defendant."

On June 13, 2024, the Court then received a letter from Ludsin stating:

> Request for Extension of Time to Serve the Summons and Complaint Past July 15, 2024 due to Delays of Amended Civil Docket Sheet.

ECF No. 11. It is the June 13th letter that was referred to the undersigned.

According to a recent letter received from the County defendants, to date, Ludsin has not served them with a summons nor has he properly served them with the complaint although a copy has "made its way over" to the Suffolk County Attorney's Office. ECF Nos. 17.

Similarly, there is no indication on the docket that proper service has been effectuated on the Town defendants although it is clear that they, like the County defendants, have received some sort of notice of this action.

## DISCUSSION

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.   But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).   While the Second Circuit has not set forth a mandatory procedure to evaluate good cause, courts often consider "(1) the reasonableness and diligence of plaintiff's efforts to serve process, and (2) the prejudice to the defendants from the delay." *Fowler v. City of New York*, No. 13-CV-2372 (KAM)(RML), 2015 WL 9462097, at *5 (E.D.N.Y. Dec. 23, 2015). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [his or her] control." *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006)); *see also Spinale v. United States,* No. 03-1704, 2005 WL 659150 at 3 (S.D.N.Y. 2005) (courts require that a plaintiff demonstrate that, despite diligent attempts to effectuate service within the allotted time period, service could not be made due to exceptional circumstances beyond his or her control).

In this case, Ludsin has failed to articulate any exceptional circumstances warranting a finding of "good cause." In his letter filed in response to District Judge Brown's order to show cause, Ludsin simply states that services was delayed as a result of "Delays of Amended Civil Docket Sheet." Ludsin does not explain why the amended civil docket sheet was required to

effectuate service nor does he state what steps he took to obtain and serve the summonses after the change he requested was made. As such, the Court is unable to conclude that Ludsin's attempts at service were diligent. Thus, the Court finds that Ludsin has failed to demonstrate good cause.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the defendants and will be mailed to the plaintiff. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
July 23, 2024

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge